**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Defendant-Appellee,

v.

RONALD HERLOPH SATHER,

Defendant-Appellant.

No. 99-7144
(D.C. No. 99-CR-29-B)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ronald Herloph Sather appeals from his convictions under 26 U.S.C. § 7212(a) (corruptly endeavoring to obstruct or impede the due administration of the Internal Revenue Code); 18 U.S.C. § 157 (bankruptcy fraud); and 42 U.S.C. § 408(a)(7)(B) (use of a false social security number). He also claims that his trial counsel was constitutionally ineffective. Our jurisdiction arises under 18 U.S.C. § 1291, and we affirm his convictions.

## I.

Viewing the evidence in the light most favorable to support his convictions, *United States v. Collins*, 920 F.2d 619, 621 (10th Cir. 1990), we summarize the facts as follows. In 1992 Mr. Sather decided to become an active income tax protestor. As part of his plan to avoid taxation, and against the advice of his accountant, he established trusts into which he diverted income from his chiropractic business, filed quit claim deeds to remove his name from real property he owned, placed false liens against his real estate holdings, and created aliases with separate post office addresses. Mr. Sather ignored the advice of an estate and tax attorney that his anti-tax plan would probably result in his imprisonment and refused to file income taxes for tax years 1992-1995. He became an active proponent of a tax protestor movement known as the Pilot Connection Society, offering to help others to become "untaxed" for a fee.

In 1994 the IRS requested Mr. Sather's 1992 tax return. Mr. Sather replied that he revoked all of his signatures on prior documents filed with the IRS before 1992 and asked the IRS to refund to him monies he had paid in past taxes. In 1995 the IRS began issuing summons for Mr. Sather's business and financial records. One of Mr. Sather's former employees testified that Mr. Sather then instructed her to shred documents showing income so that the IRS could not determine how much income his chiropractic office had produced, instructed her not to place large income payments from the business on the ledger sheets, and placed a ZAP program on his business computer system that would delete the hard drive if the IRS came to the office. After the employee was served with an IRS summons, Mr. Sather told her it was completely voluntary and that she did not have to talk with anyone.

In August 1995 Mr. Sather tried to obtain credit through one of his trusts at a local bank. He gave a social security number belonging to another individual as his own on the loan application.

In 1996 Mr. Sather rented a storage unit so that he could hide his Mercedes from the IRS. When renting it, he unsuccessfully tried to use an alias and again wrongfully used the other individual's social security number as his own on the rental form. After renting the unit, Mr. Sather actually used a different unit

without the business's permission, later explaining that he didn't want people to know his business.

In 1997 Mr. Sather filed the first in a series of three bankruptcy petitions seeking protection from federal taxes. It is undisputed that the first petition, which he later voluntarily dismissed, falsely stated that Mr. Sather owned only $6,365 in total assets and earned $2,000/month when in fact he owned at least $394,782 in assets and earned over $9,000 from his chiropractic business.

Mr. Sather was convicted on eight various criminal counts after the jury rejected his "good faith" defense. He appeals from only three of the convictions and raises four issues, which we address *seriatim*.

## II. Discussion

A. Motion to strike surplusage. An indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). On motion of the defendant, a court may strike immaterial or irrelevant allegations that may be prejudicial to the defendant. Fed. R. Crim. P. 7(d) & advisory committee's note; *Collins*, 920 F.2d at 631. Mr. Sather first argues that the district court erred by denying his motion to strike paragraphs 1 through 11 of Count One, which alleged a violation of 26 U.S.C. § 7212(a).

The paragraphs at issue all refer to events occurring in 1992, which was more than six years before March 16, 1999, when the indictment was filed. *See* 26 U.S.C. § 6531(5) (providing a six-year statute of limitations). The government argued, and the district court found, that Count One alleged a "continuing violation" that was not complete until March 3, 1998, and that the six-year statute of limitations therefore did not begin to run until 1998. *See Toussie v. United States*, 397 U.S. 112, 115 (1970) (noting that statutes of limitation normally begin to run when crime is complete). In so concluding, the district court analogized to cases from other circuits holding that "the date of the latest act of evasion triggers the statute of limitations" for violations of 26 U.S.C. § 7201 (income tax evasion). R. Doc. 22, at 2 n.1. Mr. Sather argues that the district court failed to properly determine whether violation of § 7212 constitutes a "continuing violation" as that term of art was defined in *Toussie* and *United States v. Jaynes*, 75 F.3d 1493 (10th Cir. 1996).

We review the court's ruling on the motion to strike surplusage for abuse of discretion. *Collins*, 920 F.2d at 631. It is undisputed that Count One of the indictment alleged, and Mr. Sather committed, additional corrupt acts of interference with the enforcement of IRS laws that occurred within the statute of limitations; thus the question of whether § 7212 alleges a continuing violation is not truly at issue here. *Cf. Toussie*, 397 U.S. at 115 (overturning conviction

-5-

because single act of failing to register for draft was not a continuing violation and statute of limitations had passed on that act). The only question we must answer is whether the district court abused its discretion in presenting to the jury alleged facts that occurred more than six years before the indictment issued. We hold that it did not.

Even if Mr. Sather's acts in 1992 could not be separately prosecuted as outside the statute of limitations, they were relevant to demonstrate the steps Mr. Sather took to avoid taxation and the unreasonableness of Mr. Sather's good faith defense in light of the warnings of his accountant and a tax attorney. *See Collins*, 920 F.2d at 622 (holding that jury could consider reasonableness of good faith defense to tax evasion). Thus, the allegations were not "mere surplusage" and the district court did not abuse its discretion in denying Mr. Sather's motion. Even if the facts alleged were surplusage, we have long held that "mere surplusage in an indictment or information may be disregarded, and such disregard does not render the indictment or information invalid if sufficient remains to charge a crime." *Bary v. United States*, 292 F.2d 53, 56 (10th Cir. 1961).

B. Insufficiency of the evidence - Count Five. Mr. Sather claims that the evidence was insufficient to support a finding of criminal intent for bankruptcy fraud because he was not represented by an attorney in his bankruptcy

proceedings and he therefore did not realize that his admittedly false statements were "legally false." Appellant's Br. at 25. We review the sufficiency of the evidence *de novo*, asking whether the direct and circumstantial evidence, together with the reasonable inferences drawn therefrom, support a conclusion that the defendant is guilty beyond a reasonable doubt. *United States v. Hanzlicek*, 187 F.3d 1228, 1238 (10th Cir. 1999).

The government established that Mr. Sather made false statements on his 1997 bankruptcy filing, including failing to claim a $30,000 firearm collection that he had stored with a friend and his Mercedes Benz. Although Mr. Sather attempted to explain his intent in filing conflicting and false petitions, the jury was free to weigh the evidence and draw an inference of intent to defraud from the evidence. The evidence was sufficient to support a finding of intent to defraud beyond a reasonable doubt.

C. Sufficiency of the evidence - Count Seven. Mr. Sather alleges that there was insufficient evidence to establish that he used a false social security number with the intent to deceive another person because he used the correct employer identification number of one of his trusts on the loan application that he made with that trust. Unfortunately, Mr. Sather did not include the document in the materials submitted to this court to support that claim. As the government points out, however (albeit also without supplying the supporting document to this

court), there was ample testimony that Mr. Sather used the social security number of a different individual as *his* social security number on the application. R. Vol. IV at 253-54. Mr. Sather's claim is without merit.

D. Ineffective assistance of counsel. We dismiss this claim, as it should be brought on collateral review and not on direct appeal. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge