**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RONALD HERLOPH SATHER,

      Defendant - Appellant.

No. 01-7083
(D.C. No. 99-CR-29-X)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, and **EBEL** and **LUCERO**, Circuit Judges.

Ronald Herloph Sather was convicted of eight charges arising from his efforts to avoid paying taxes. We affirmed this conviction in an order and judgment filed January 11, 2001, United States v. Sather, 99-7144, 2001 WL 28040 (10th Cir. Jan. 11, 2001), and the United States Supreme Court denied certiorari on April 23, 2001, Sather v. United States, 532 U.S. 1001 (2001).

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Among the issues raised by Herloph in his appeal and rejected by this court was his argument that the district court should have granted his motion to strike portions of the indictment as surplusage. Sather, 2001 WL 28040 at *2. The facts of the case are recounted in our prior order and judgment and will not be repeated here.

On June 20, 2001, over six months after this court affirmed his conviction and nearly two months after the Supreme Court denied certiorari, Sather filed a pro se motion styled "Emergency Motion to Dismiss Indictment Under F.R.Crim.P. Rule 12(b)(2)." In this motion, Sather argued that his indictment failed to allege certain facts that he argued were essential elements.[1] The district court denied the motion in a minute order not included in the record. (ROA Vol I, Docket p. 15, #41.) From this denial Sather now appeals.

---

[1] While Sather's submissions are quite confusing, it appears that the thrust of his argument is that the indictment should have acknowledged several asserted facts that he believes to be favorable to him: that he voluntarily dismissed his fraudulent bankruptcy filing, that he belatedly filed income tax returns, that certain of his actions occurred before he was aware that he was being investigated, and that he used a legitimate tax identification number in place of his social security number. Sather also apparently challenges his conviction based on his arguments that willfulness is an element of a violation of 18 U.S.C. § 157, that Sather could not be charged with three separate offenses under § 157, that only structuring efforts in excess of $10,000 violate 31 U.S.C. § 5324(a)(3), and that Sather was erroneously punished as a repeat offender under 42 U.S.C. § 408(a). We note that Sather's characterization of his arguments as challenges to the sufficiency of the indictment appears doubtful, although nothing turns on this point.

We affirm the district court's denial of Sather's motion on the ground that his challenges are procedurally barred because raised after his conviction became final.  See United States v. Frady, 456 U.S. 152, 162-67 (1982) (holding that procedural bar applies to challenges raised "after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal"); United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) ("Section 2255 is not available to test the legality of matters that should have been raised on direct appeal." (internal quotation marks and alteration omitted)).  Although Sather styled his challenge as an "emergency motion" under Federal Rule of Criminal Procedure 12(b)(2) rather than as a motion for post-conviction relief under 28 U.S.C. § 2255, such artful pleading avails Sather nothing.  See Fed. R. Crim. P. 12(b)(2) ("Defenses and objections based on defects in the indictment [asserting] . . . that it fails . . . to charge an offense shall be noticed by the court at any time during the pendency of the proceedings . . . ." (emphasis added)).

Sather makes no effort to argue any cause for his procedural default.  Although we construe a pro se litigant's pleadings liberally, Sather is obligated to show cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default.  George v. Perrill, 62 F.3d 333, 335 (10th Cir. 1995).

Accordingly, Sather's present arguments are procedurally barred, and the judgment of the district court therefore is **AFFIRMED.**

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge