**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANA NELSON,

    Defendant - Appellant.

No. 02-3056
(D.C. Nos. 01-CV-3264-KHV,
89-CR-20081-06-KHV)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY** and **BRISCOE**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Dana Nelson, a federal prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 petition for writ

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of habeas corpus. Because we conclude that Nelson has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his application for a certificate of appealability and dismiss the appeal.

I.

In 1990, Nelson was convicted of conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and with possession of cocaine base with intent to distribute within 1000 feet of a public school, in violation of 21 U.S.C. § 845a(a) (now codified at 21 U.S.C. § 860). The district court did not require the jury to make any finding as to the drug quantities involved in each count. At sentencing, the district court enhanced Nelson's sentence two levels for possession of a firearm and two levels for obstruction of justice. Pursuant to U.S.S.G. § 2D1.4, Application Note 2 (in effect at the date of sentencing), the court predicated Nelson's offense level on his possession of 500 grams of cocaine base with intent to distribute. With a total offense level of 40 and a criminal history category of I, the court sentenced Nelson to concurrent terms of imprisonment of 292 months and supervised release of six years. Nelson's direct appeal was affirmed by this court. United States v. Nelson, 941 F.3d 1213, 1991 WL 163061 (10th Cir. 1991) (unpublished decision).

In June 2001, Nelson filed his § 2255 petition asserting that his conviction should be vacated and he should be resentenced in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Specifically, he asserted that the jury, not the district court, should have

determined the amount of cocaine base, whether he possessed a firearm, and whether he obstructed justice. Nelson also argued that the indictment was void under Federal Rule of Criminal Procedure 12(b)(2) because it did not charge him with all of the elements of the offense, including the amount of cocaine base attributed to him, his possession of a firearm, or obstruction of justice. The district court concluded that Apprendi did not apply retroactively and that, even absent the procedural bar, Apprendi would not change Nelson's term of imprisonment. The court treated Nelson's Rule 12(b)(2) assertion as a section 2255 motion and denied Nelson relief since his sentence fell below the statutory maximum for both counts and Apprendi was not implicated.

## II.

In United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002), this court held that Apprendi "is not a watershed decision [under Teague v. Lane, 489 U.S. 288 (1989)] and hence is not retroactively applicable to initial habeas corpus petitions." In light of our decision in Mora, we cannot retroactively apply Apprendi to Nelson's initial habeas corpus petition.

Nelson argues it was error for the district court to deny his motion for reconsideration without first allowing him an opportunity to amend or supplement his habeas petition pursuant to Federal Rule of Civil Procedure 15(d). In his motion for reconsideration, Nelson did not ask to amend his habeas petition. Further, Rule 15(d) expressly applies to pleadings and not filings such as Nelson's § 2255 habeas petition.

3

See Fed. R. Civ. P. 15(d) ("Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.").

Nelson also contends, in effect, that the district court erred in treating his Rule 12(b)(2) motion as a section 2255 petition. However, a Rule 12(b)(2) motion may not be filed after judgment and sentence have been entered. See Fed. R. Crim. P. 12(b) (providing that issues "must be raised prior to trial"). The district court did not err in construing Nelson's pleading liberally and in treating his motion as a section 2255 petition. Nelson argued his indictment was void because it failed to charge all of the elements of the offense. However, the district court properly determined that his complaints were aimed at the sentence enhancements and not the elements of the offenses. The indictment identified the necessary elements of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 845a(a) (now codified at 21 U.S.C. § 860). The sentence enhancements did not increase Nelson's term of imprisonment above the statutory maximum.

We decline to address Nelson's remaining arguments because he failed to raise them on direct appeal and he has not made "a showing of cause and actual prejudice, or a fundamental miscarriage of justice." Mora, 293 F.3d at 1216.

4

Nelson's request for a certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge