**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NORMAN PRECIADO-QUINONEZ,

Defendant - Appellant.

No. 00-6202
D.C. No. 91-CR-220-T
(W.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **EBEL** , **PORFILIO** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant Norman Preciado-Quinonez was convicted on several cocaine

trafficking charges and sentenced to a total of 360 months' imprisonment in 1992.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

His conviction and sentences were affirmed on direct appeal. *See United States v. Preciado*, No. 92-6371, 1993 WL 430336 (10th Cir. Oct. 26, 1993), *cert. denied*, 510 U.S. 1137 (1994). Over five years later, he filed a "Motion to Dismiss Indictment," arguing that his indictment had not alleged the full quantity of cocaine later attributed to him, that he had not received the prior notice required by 21 U.S.C. § 851 for drug-recidivist enhancement, and that his counsel had been constitutionally ineffective for failing to pursue these issues. The district court construed this pleading as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, and denied it as time-barred by the one-year limitations provision included in the statute. *See United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997) (pursuant to paragraph six of § 2255, federal "prisoners whose convictions became final on or before April 24, 1996, must file their § 2255 motions before April 24, 1997").

Defendant requests a certificate of appealability (COA) to secure review of the district court's denial of his motion. He notes, in particular, that his objection regarding the indictment's specification of drug quantities has since been bolstered by the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). For the reasons that follow, we deny defendant's request for a COA and, accordingly, dismiss the appeal. *See* 28 U.S.C. § 2253(c) ("appeal may not be taken" without COA).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," to obtain a COA the prisoner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.* at 484. Because we dispose of defendant's COA application on the basis of the latter, procedural issue, we need not reach the merits of the substantive claims stated in defendant's motion.

We have repeatedly held that a motion to dismiss an indictment, pursuant to Fed. R. Crim. P. 12(b)(2), must be filed before final judgment; after that time a pleading challenging the adequacy of an indictment is properly deemed a § 2255 motion. *See, e.g., United States v. Nelson*, No. 02-3056, 2002 WL 31243873, at *2 (10 th Cir. Oct. 7, 2002) (unpub.); *United States v. Sather*, No. 01-7083, 2002 WL 1045986, at **1 (10 th Cir. May 24, 2002) (unpub.); *United States v. Stewart*, No. 01-5045, 2001 WL 913783, at **2 (10 th Cir. Aug. 14, 2001) (unpub.); *cf. Marteney v. United States*, 216 F.2d 760, 761-62 (10 th Cir. 1954) ("see[ing] no impropriety in the [district] court's treatment of the pleadings [seeking arrest of judgment on the ground that the indictment failed to charge a federal offense] as motions to vacate under Section 2255"). Accordingly, the district court correctly

held defendant's motion was subject to the one-year limitation period in § 2255, despite its nominal designation as a motion to dismiss the indictment.

The remaining question is whether any of defendant's claims fall within one of § 2255's favorable accrual provisions, which delay commencement of the limitation period beyond the final judgment date. *See* § 2255 par. six, subsecs. (2)–(4). As neither government impediments to filing nor newly discovered facts are involved, the only alternate accrual date we are concerned with is "the date on which the right asserted was initially recognized by the Supreme Court, *if* that right has been *newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review* ." *Id.*, subsec. (3) (emphasis added). One of defendant's claims implicates this provision–his objection to the discrepancy between the drug quantities in the indictment and those supporting his sentence involves the right recently recognized in *Apprendi* . However, the requisite retroactivity of that right was clearly rejected in *United States v. Mora* , 293 F.3d 1213, 1219 (10 th Cir.), *cert. denied* , 123 S. Ct. 388 (2002).

Finally, "this case does not present extraordinary circumstances such that defendant should receive the benefit of equitable tolling." *Unites States v. Willis* , 202 F.3d 1279, 1281 n.3 (10 th Cir. 2000). In particular, the ineffectiveness claim, time-barred itself, could not in any event be advanced as a ground for equitable tolling of the *Apprendi* claim, because "an ineffective assistance

argument premised on counsel's failure to anticipate *Apprendi* would be untenable." *Valenzuela v. United States*, 261 F.3d 694, 700 (7 th Cir. 2001) (citation omitted).

The appeal is DISMISSED. Defendant's motion for leave to proceed on appeal without prepayment of costs or fees is granted, and his motion regarding the status of his appeal is denied as moot.

Entered for the Court


David M. Ebel
Circuit Judge