**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARTIN LIMA-PACHECO,

Defendant-Appellant.

No. 03-5098

(N. D. Oklahoma)

(D.C. No. 00-CR-129-C)

## ORDER AND JUDGMENT[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

On May 3, 2001, the district court entered a judgment convicting the appellant Mr. Lima-Pacheco of re-entering the United States after having been convicted of more than one aggravated felony and after having been deported, a violation of 8 U.S.C. § 1326. The court sentenced him to sixty-three months' incarceration.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]After examining the briefs and appellate record, this panel has determined

(continued...)

On July 16, 2002, Mr. Lima-Pacheco filed a motion for leave to appeal in forma pauperis and a motion for appointment of counsel. The district court denied the motions as untimely.

On April 18, 2003, Mr. Lima-Pacheco filed a motion to dismiss the indictment. The district court denied that motion as well, reasoning that Mr. Lima-Pacheo had waived any defects in the indictment by filing the motion more than ten days after entry of the judgment. The court also noted that Mr. Lima-Pacheco's challenges to the indictment lacked merit: the indictment alleged all the elements of the charged offense, and, contrary to Mr. Lima-Pacheco's contention, "the failure of the indictment to show the minimum and maximum penalty is not a jurisdictional defect or a violation of the rule of law announced in Apprendi [v. New Jersey, 530 U.S. 466 (2000)]." Rec. doc. 36, at 2 (Order, filed May 23, 2003).

On June 9, 2003, Mr. Lima-Pacheco filed a pro se notice of appeal in the district court. Mr. Lima-Pacheco has also filed a brief in this court in which he again challenges the indictment.

---

**(...continued)
unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Upon review of the record, we agree with the district court that Mr. Lima-Pacheco's motion to dismiss the indictment is untimely. Under Fed. R. Crim. P. 12(b)(3) a motion to dismiss an indictment on the grounds that it fails to invoke the court's jurisdiction or state an offense may be filed "any time while the case is pending." Here, as the district court concluded, Mr. Lima-Pacheco's case was no longer pending when he filed the motion to dismiss the indictment on April 18, 2003: judgment was entered on May 3, 2001, and Mr. Lima-Pacheco had not filed a timely notice of appeal. Moreover, for substantially the same reasons set forth by the district court, we conclude that Mr. Lima-Pacheco's motion to dismiss the indictment lacks merit.

Accordingly, we AFFIRM the district court's denial of Mr. Lima-Pacheco's motion to dismiss the indictment. Appellant's motion to proceed in forma pauperis is denied.

Entered for the Court,


Robert H. Henry
Circuit Judge