**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE DE JESUS
VALADEZ-CAMARENA,

      Defendant-Appellant.

No. 04-2113

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D. Ct. No. CIV-04-175-JP)

---

Jose de Jesus Valadez-Camarena, Pro se.

---

Before **SEYMOUR** , **McCONNELL** , and **TYMKOVICH** , Circuit Judges.

---

**McCONNELL**, Circuit Judge.

After examining the appellant's brief and the appellate record, [1] this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant appeals from a district court order denying his "Motion for Validation of the Indictment" and "Motion for Production of Public Records Documents." The district court held that Defendant's post-judgment attack on his indictment was untimely under the rules of criminal procedure and should not be construed as a motion for relief under 28 U.S.C. § 2255 for prudential reasons. [2] We affirm both aspects of the district court's decision for essentially the reasons stated by the district court. Before explaining that rationale, however, we need to provide some procedural background.

In 1997, a grand jury indicted Defendant for conspiring to distribute cocaine and for possessing cocaine with intent to distribute. After a mistrial, Defendant moved to dismiss the indictment on double jeopardy grounds. The

---

[1]    The government refused to file a brief absent issuance of a certificate of appealability (COA). This refusal was unwarranted; as our analysis will show, this appeal does not involve a motion under 28 U.S.C. § 2255 and therefore does not implicate the COA requirement in 28 U.S.C. § 2253(c)(1)(B).

[2]    The district court did not separately analyze the motion for production of documents in any detail, though it did cite two cases discussing the standards for discovery of grand jury documents. Defendant does not now challenge this aspect of the court's order, and we shall not pursue it further.

motion was denied, and he filed an interlocutory appeal. The district court found the appeal to be frivolous and, therefore, continued with the retrial pursuant to *United States v. Hines*, 689 F.2d 934, 937 (10th Cir. 1982). Following his conviction, Defendant filed another appeal, challenging the legal sufficiency of the prosecution's case at trial. We affirmed on both appeals. *See United States v. Valadez-Camarena*, 163 F.3d 1160 (10th Cir. 1998); *United States v. Valadez-Camarena*, 194 F.3d 1321 (10th Cir. 1999) (unpublished table decision), *cert. denied*, 528 U.S. 1143 (2000). In May 2002, Defendant filed a 28 U.S.C. § 2255 motion to vacate his conviction, asserting that his trial and appellate counsel had been constitutionally deficient. That motion was rejected as time-barred. *See Valadez-Camarena v. United States*, No. 02cv595 (D.N.M. Aug. 28, 2002) (adopting the magistrate judge's recommendation to dismiss the motion as untimely filed pursuant to the limitations provision in § 2255 para. 6.). Finally, in February 2004, Defendant filed the instant challenge to his indictment.

Defendant's motion focused on two formal steps in the grand jury process: (1) requiring the foreperson to sign the indictment, record the number of jurors concurring therein, and file the record with the clerk, Fed. R. Crim. P. 6(c), and (2) requiring the grand jury or foreperson to return the indictment in open court,

-3-

Fed. R. Crim. P. 6(f). [3] Noting an absence of docket entries in his case reflecting either the filing required by Rule 6(c) or the open court proceeding required by Rule 6(f), Defendant contended that these steps must not have taken place, that this made his indictment invalid, and that he was therefore entitled to have his conviction vacated. Although motions that allege defects "in the indictment" or "in instituting the prosecution" are generally waived unless presented before trial, Fed. R. Crim. P. 12(b)(3) and (e), Defendant argued that the procedural defects he alleged had left the indictment insufficient "to invoke the court's jurisdiction," which is a matter that may be raised "at any time while the case is pending," Fed. R. Crim. P. 12(b)(3)(B).

The district court nevertheless concluded that the motion was untimely. The court did not address the claim that the alleged procedural defects undercut its jurisdiction over the prosecution so as to implicate the "at any time while the case is pending" savings clause of Rule 12(b)(3)(B). [4] Instead, the court focused on the terms of that clause and, relying on unpublished circuit case law, held that

---

[3]  On appeal, Defendant has attempted to interject a whole host of new issues. We limit our review to those matters raised and decided in the proceedings below. *See, e.g.*, *United States v. Rourke*, 984 F.2d 1063, 1067 (10th Cir. 1992).

[4]  While we need not express a conclusive view on the matter, we note that Defendant's claim regarding the jurisdictional nature of his procedural objections under Rule 6(c) and (f) is undercut by authority from other circuits. *See United States v. Kahlon*, 38 F.3d 467, 469 (9th Cir. 1994); *United States v. Marshall*, 910 F.2d 1241, 1243 (5th Cir. 1990).

Defendant's case (long since reduced to judgment, affirmed on appeal, and rejected for certiorari review) was no longer pending when he challenged the indictment. *See United States v. Lima-Pacheco*, 81 Fed. Appx. 299 (10th Cir. 2003); *United States v. Preciado-Quinonez*, 53 Fed. Appx. 6 (10th Cir. 2002); *see also United States v. Wolff*, 241 F.3d 1055, 1056-57 (8th Cir. 2001) (per curiam) (affirming denial of post-judgment challenge to indictment because "[a]fter final judgment was entered and [the defendant] did not file a direct appeal, the proceedings were no longer pending").

We agree with the district court that Defendant's motion was untimely under Rule 12(b)(3) and consequently barred under Rule 12(e). The district court properly enforced the plain terms of the applicable rules, consistent with the practice reflected in our case law. Moreover, we note that Defendant never asserted good cause to excuse his waiver. *See* Fed. R. Crim. P. 12(e) ("For good cause, the court may grant relief from the waiver.").

As alluded to earlier, the district court also considered whether to construe Defendant's challenge to his indictment as a post-conviction motion to vacate under 28 U.S.C. § 2255. The court elected not to do so because, given the time since Defendant's conviction became final and the fact that he had sought relief under § 2255 once before, such a motion would, at least facially, "be barred as untimely [under 28 U.S.C. § 2255 para. 6] or as second or successive [under

28 U.S.C. § 2255 para. 8].” R. doc. 4, at 2.  And, as Defendant did not rely on § 2255 in his motion, he had not had any reason to develop and present grounds to satisfy or circumvent the distinct legal barriers raised in § 2255 paras. 6 and 8. Under these circumstances, the district court's prudential decision not to construe Defendant's motion under § 2255 cannot be deemed an abuse of discretion.  This court has followed the same course when presented with similar circumstances on appeal.  *See Brown v. Warden, Springfield Med. Ctr. for Fed. Prisoners*, 315 F.3d 1268, 1270 (10th Cir. 2003) (declining to recast pro se pleading as § 2255 motion on appeal in light of imminent second-or-successive bar).

Accordingly we DENY as moot Defendant's application for a certificate of appealability, and AFFIRM the judgment of the district court.  Defendant's motion for appointment of counsel is DENIED.  Defendant's motion for leave to appeal in forma pauperis is GRANTED, and Defendant is reminded that he remains obligated to continue making partial payments until the appellate fee is paid in full.