**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT J. SORENSEN,

Defendant-Appellant.

No. 07-4259
(D.C. No. 2:99-CR-00441-TS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.

34.1(G). The case is therefore ordered submitted without oral argument.

The defendant appeals the denial of his "Motion to Dismiss for Lack

of Jurisdiction," in which he argued that the district court lacked subject

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

matter jurisdiction over his criminal prosecution. We vacate and remand with instructions to deny the motion for lack of jurisdiction.

## BACKGROUND

The defendant was convicted in 2002, following the entry of a guilty plea, of one count of possession of a listed chemical, in violation of 21 U.S.C. § 841(d)(2), and one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(2). He was sentenced to 108 months. He did not file an appeal.

The defendant filed a 28 U.S.C. § 2255 motion in 2004, challenging his sentence under *United States v. Booker*, 543 U.S. 220 (2005). He also alleged that he was denied effective assistance of counsel because trial counsel failed to object to a sentence enhancement for obstruction of justice, failed to object to the drug quantity calculation in the presentence report and failed to object to the fact that the defendant did not receive the benefit of the safety-valve provisions. The district court denied relief. Again, the defendant did not appeal.

In 2007, the defendant filed a pleading in the district court captioned "Motion to Dismiss for Lack of Jurisdiction." The defendant, relying on

*Wickard v. Filburn*, 317 U.S. 111 (1942), argued that, because he did not register or receive benefits from any federal agency regulating controlled substances, the federal government lacked jurisdiction over his activities. He contended that the district court had jurisdiction to rule on his motion under *United States v. Ventre*, 338 F.3d 1047, 1051 (9th Cir. 2003) (holding that a waiver of appellate rights in a plea agreement does not deprive the courts from hearing an appeal based on lack of jurisdiction).

The district court concluded that *Wickard* did not support the defendant's contention that the court lacked subject matter jurisdiction and denied relief. The court did not address the issue of whether it had jurisdiction to rule on the defendant's motion.

## DISCUSSION

We have held that a defendant may only challenge the validity of his conviction under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (§ 2255 is the exclusive remedy to test the validity of a federal conviction and sentence). We have also held that a defendant may not avoid the requirements of 28 U.S.C. § 2244(b)(3), i.e., that he must obtain authorization from this court prior to filing another § 2255 motion, merely

3

by giving another name to the pleading. *See United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) ("[T]o allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.").

Notwithstanding these precedents, it is possible to construe the defendant's motion as one filed under Fed. R. Crim. P. 12(b)(3)(B) ("the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction" at "any time while the case is pending"). In *United States v. Valadez-Camarena*, 402 F.3d 1259, 1260 (10th Cir. 2005), we affirmed a district court's consideration of the merits of a post-conviction Rule 12(b)(3)(B) motion challenging an indictment. In doing so, we implicitly held that a district court could consider such a motion without requiring that it be raised under § 2255.

We need not resolve any ambiguity in our precedents, however. Like the challenge in *Valadez-Camarena*, the defendant's challenge to his indictment comes long after the time allowed by Rule 12(b)(3)(B), which, as noted above, allows such challenges only "while the case is pending." Nor has the defendant made any argument that "good cause" to allow his untimely challenge exists under the exception found in Rule 12(e), or indeed, that Rule 12(e) applies in these circumstances.

4

The defendant's reliance in the district court on *Ventre* as a basis for jurisdiction is unavailing. The issue here is not whether the defendant may, in a timely direct appeal, challenge the court's jurisdiction in spite of a waiver of appellate rights, as in *Ventre*, but rather whether there is any authority which allows the district court to rule on the merits of the defendant's motion.

We also decline to construe the defendant's appeal as a request for authorization to file a second or successive § 2255 motion. Any such motion would be barred by § 2255(h), which allows a successive motion only in the presence of "newly discovered evidence" or "a new rule of constitutional law." *See Brown v. Warden*, 315 F.3d 1268, 1270 (10th Cir. 2003) (declining to construe a motion as one filed under § 2255 where doing so would merely trigger the bar on successive petitions). Neither new evidence nor an intervening constitutional ruling is present here.

## CONCLUSION

The district court order is **VACATED** and this matter is **REMANDED** to the district court with instructions to enter an order denying for lack of jurisdiction the defendant's "Motion to Dismiss for Lack of Jurisdiction." The defendant's "Motion in Opposition to This Court's Order Filed January

5

11, 2008" is **DENIED**.  The mandate shall issue forthwith.

ENTERED FOR THE COURT

PER CURIAM