**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

SIMON SANDOVAL-DE LAO,
a/k/a Arturo Garcia,

      Defendant-Appellant.

No. 07-1508
(D.C. No. 07-CR-00211-WYD-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Simon Sandoval-De Lao pled guilty to one count of unlawful re-entry of an

alien, subsequent to an aggravated felony conviction, in violation of 8 U.S.C.

§ 1326(a) and (b)(2). The district court sentenced him to 18 months incarceration

followed by 3 years of supervised release. On appeal, Mr. Sandoval-De Lao's

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). We received no response from Mr. Sandoval-De Lao, and the government also declined to file a response. For the reasons set forth below, we discern no meritorious issues for appeal, and we therefore grant the motion to withdraw and dismiss the appeal.

\* \* \*

On March 24, 2007, Mr. Sandoval-De Lao was stopped by Denver police on a routine traffic stop. After a records check revealed that Mr. Sandoval-De Lao was previously deported for an aggravated felony, the police turned him over to the Bureau of Immigration and Customs Enforcement ("ICE"). Mr. Sandoval-De Lao admitted to an ICE officer that he was not a United States citizen and was in the country without permission following a previous deportation. A grand jury issued an indictment charging Mr. Sandoval-De Lao with one count of unlawful re-entry of an alien, subsequent to an aggravated felony conviction. *See* 8 U.S.C. § 1326(a) and (b)(2). Pursuant to a plea agreement, Mr. Sandoval-De Lao pled guilty, and in exchange, the government agreed to recommend to the sentencing court that Mr. Sandoval-De Lao's offense level under the advisory United States Sentencing Guidelines ("Guidelines") should be reduced for acceptance of responsibility and that Mr. Sandoval-De Lao should be sentenced at the bottom of the Guidelines-recommended sentencing range.

-2-

The Presentence Report ("PSR") advised that, under the Guidelines, Mr. Sandoval-De Lao's conviction carried a base offense level of 8. *See* U.S.S.G. § 2L1.2(a). Because he had been deported following a conviction of an aggravated felony, the Guidelines recommended an 8-level enhancement. *See id.* § 2L1.2(b)(1)(C). Subtracting 3 levels for acceptance of responsibility, *see id.* § 3E1.1, Mr. Sandoval-De Lao's final suggested offense level was 13. In addition, Mr. Sandoval-De Lao's criminal history resulted in a category level III designation. Together, his final offense level of 13 and criminal history category level of III resulted in a proposed Guidelines sentencing range of 18-24 months with 2-3 years supervised release. *See* R. Vol. IV, at R-1.

Mr. Sandoval-De Lao did not challenge any aspect of the facts outlined in the PSR, and neither did he dispute the PSR's calculated Guidelines range. During the sentencing hearing, counsel for Mr. Sandoval-De Lao simply asked the court to impose "as low a sentence as possible under the guidelines." R. Vol. III, at 3. The court obliged, sentencing Mr. Sandoval De-Lao to 18 months imprisonment – at the bottom of the Guidelines-recommended range – with an additional 3 years supervised release.

Nine days after the district court entered its judgment, and one day before his counsel filed a notice of appeal, Mr. Sandoval-De Lao submitted a *pro se* "Motion for Resentencing/Reconsideration." In the motion, Mr. Sandoval-De Lao

explained that, prior to the sentencing hearing, he had been contacted by Harold Sellers, who was not only Mr. Sandoval-De Lao's employer but was also the victim of Mr. Sandoval-De Lao's prior felony (theft) conviction. Mr. Sellers had expressed interest in testifying to the court regarding mitigating factors surrounding the prior conviction, which Mr. Sandoval-De Lao believed would warrant a downward departure under the Guidelines. According to Mr. Sandoval-De Lao, his court-appointed counsel refused to pursue any downward departure based on Mr. Seller's statements. Accordingly, Mr. Sandoval-De Lao argued that he received ineffective assistance of counsel, and asked the court to order a new sentencing hearing.

The district court denied the *pro se* motion, explaining that Mr. Sandoval-De Lao was being represented by counsel, that there was no constitutional right to a "hybrid form of representation," and that the court was thus under no obligation to consider any *pro se* filings. Mr. Sandoval-De Lao subsequently filed a "Motion to Reconsider," which the district court disregarded.

\* \* \*

Pursuant to the Supreme Court's decision in *Anders v. California*, a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal

would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

In his *Anders* brief, Mr. Sandoval-De Lao's counsel noted that this appeal would conceivably be meritorious only if (1) the guilty plea was invalid; (2) the sentence was improper; (3) the trial court erred in denying the defendant's *pro se* "Motion for Reconsideration/Resentencing"; (4) the *pro se* motion should have been construed as a Section 2255 petition; or (5) Mr. Sandoval-De Lao received ineffective assistance of counsel. After conducting a full examination of the record, we agree with counsel's conclusion that no basis in law or fact exists for any of these arguments.

1. A valid guilty plea must be knowingly, intelligently, and voluntarily made. *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998); *see also* Fed. R. Crim. P. 11. Not only did Mr. Sandoval-De Lao sign a plea agreement, but the transcript of the plea hearing also indicates that the district court fulfilled the requirements set out in Rule 11 and those announced in *Gigot* to ensure the

validity of the plea. *See* R. Vol. II, at 5-17 (indicating that the district court judge verified a factual basis for the plea, questioned the defendant and confirmed that he fully understood the charges against him and the consequences of the plea, and otherwise ensured that the plea was freely, voluntarily, and intelligently made). Mr. Sandoval-De Lao has failed to put forward any evidence or arguments that would place the plea's validity in doubt, and so any appeal on this ground would be frivolous.

2. We also fail to find any non-frivolous grounds for believing that the district court abused its considerable discretion in sentencing Mr. Sandoval-De Lao. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007) ("Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard."). In this case, the district court clearly understood and acknowledged the advisory nature of the Guidelines and took into account all the sentencing factors under 18 U.S.C. § 3553(a). *See* R. Vol. III, at 5 ("The Court, while not bound to apply the guidelines, has consulted the advisory guidelines and taken them into account along with the sentencing factors identified at 18 United States Code Section 3553(a)."). Further, the district court proceeded to enter the very sentence anticipated by Mr. Sandoval-De Lao's plea agreement with the government and advocated by Mr. Sandoval-De Lao's counsel at the sentencing hearing.

-6-

3.  We likewise discern no colorable basis for challenging the district court's decision not to consider Mr. Sandoval-De Lao's *pro se* motion for sentence reconsideration.  At the time Mr. Sandoval-De Lao filed the motion, he was represented by counsel.  We have previously held that, because there is no constitutional right to "a hybrid form of representation," *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995), when defendants have the assistance of counsel, courts need not consider any filings made *pro se*.  *See United States v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976) ("[P]ermission for [hybrid representation] [is] recognized as being discretionary with the trial court."); *see also United States v. Castellon*, 218 F. App'x 775, 780 (10th Cir. 2007) (unpub.) ("[W]here a defendant is represented by counsel, we do not accept pro se filings or allegations."); *id.* at 780 n.4.  The district court thus did not err in refusing to consider Mr. Sandoval-De Lao's *pro se* motion for sentence reconsideration.[1]

4.  Neither do we believe the district court erred by failing to construe Mr. Sandoval-De Lao's motion for reconsideration of his sentence as a 28 U.S.C.

---

[1] As for the subsequent *pro se* motion to reconsider the denial of the first *pro se* motion, we note that Mr. Sandoval-De Lao's counsel had at that point already filed a notice of appeal, thus establishing appellate jurisdiction over his case and depriving the district court of jurisdiction to even consider the motion. *See* Fed. R. App. P. 4(b); *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006) ("[A] notice of appeal generally divests a district court of jurisdiction over the issues on appeal.").

§ 2255 petition. Not only is the question whether to construe such a filing as a Section 2255 petition a matter committed to the district court's discretion, *see, e.g.*, *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005), but the Supreme Court also has made clear that district courts should be quite wary of doing so because of the "serious consequences" that are at stake for the prisoner, *Castro v. United States*, 540 U.S. 375, 377 (2003). Here, although Mr. Sandoval-De Lao's post-sentencing motion briefly cited 28 U.S.C. § 2255 (along with 28 U.S.C. § 2241),[2] the motion itself was labeled as one asking for reconsideration of the sentence and not as seeking collateral review. Given the ambiguity in Mr. Sandoval-De Lao's motion, the caution that district courts must exercise in construing any such motion as a Section 2255 petition, and the fact that a direct appeal was pending at the time of the district court's ruling on the motion, *cf. United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006) (holding that, where a direct appeal is pending, Section 2255 petitions should only be allowed in "extraordinary circumstances"), we cannot say the district court abused

---

[2] Though counsel does not raise the issue in the *Anders* brief, we note that the district court could not have possibly construed the motion as a habeas petition under 28 U.S.C. § 2241 because "[a] challenge to the propriety of the federal conviction or sentence itself," which was the express purpose of Mr. Sandoval-De Lao's motion, "must proceed under § 2255, not § 2241." *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008).

its discretion in not construing Mr. Sandoval-De Lao's motion as a Section 2255 habeas petition.

5.  Finally, though Mr. Sandoval-De Lao has already expressed his belief that his trial counsel provided ineffective assistance, such claims are generally most properly pursued in collateral proceedings under 28 U.S.C. § 2255, rather than on direct appeal in order that the defendant can proceed with a record developed for that purpose. *See United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006) ("The vast majority of ineffective assistance of counsel claims should be brought in collateral proceedings rather than on direct appeal from a conviction."); *see also United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Such claims . . . are presumptively dismissible."). Mr. Sandoval-De Lao offers us no reason to depart from this general rule in this case.

\* \* \*

For the foregoing reasons, we grant counsel's motion to withdraw and dismiss the appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge