**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE DE JESUS VALADEZ-
CAMARENA,

Defendant - Appellant.

No. 09-2025

(D. New Mexico)

(D.C. No. 1:08-CV-01151-JAP-KBM
and 2:97-CR-00231-JAP-KBM-2)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Mr. Jose de Jesus Valadez-Camarena is no stranger to this court. As stated

in our third opinion regarding his conviction:

> In 1997, a grand jury indicted Defendant for conspiring to distribute
> cocaine and for possessing cocaine with intent to distribute. After a
> mistrial, Defendant moved to dismiss the indictment on double
> jeopardy grounds. The motion was denied, and he filed an
> interlocutory appeal. The district court found the appeal to be
> frivolous and, therefore, continued with the retrial . . . . Following

---

[*]After examining the brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his conviction, Defendant filed another appeal, challenging the legal sufficiency of the prosecution's case at trial. We affirmed on both appeals. *See United States v. Valadez-Camarena*, 163 F.3d 1160 (10th Cir. 1998) [(*Valadez-Camarena I*)]; *United States v. Valadez-Camarena*, 194 F.3d 1321 (10th Cir. 1999) (unpublished table decision), [(*Valadez-Camarena II*)] *cert. denied*, 528 U.S. 1143 (2000). In May 2002, Defendant filed a 28 U.S.C. § 2255 motion to vacate his conviction, asserting that his trial and appellate counsel had been constitutionally deficient. That motion was rejected as time-barred.

*United States v. Valadez-Camarena*, 402 F.3d 1259, 1260 (10th Cir. 2005) (*Valadez-Camarena III*). This third opinion concerned his 2004 "Motion for Validation of the Indictment." *Id.* In support of that motion, he had contended that the grand jury had failed to follow certain procedures in indicting him, as a result of which the district court had lacked jurisdiction to try him. We upheld the dismissal of this motion on the ground that Mr. Valadez-Camarena's attack on the trial court's jurisdiction was barred because his criminal case was no longer pending within the meaning of Federal Rule of Criminal Procedure 12(b)(3). *See id.* at 1261.[1]

Mr. Valadez-Camarena's present appeal challenges the denial by the United States District Court for the District of New Mexico of his "Motion to Review

---

[1] In affirming, we approved of the district court's prudential decision not to treat Mr. Valadez-Camarena's challenge as a motion for relief under § 2255 because such a motion would apparently have been barred both as untimely and as a second or successive motion. *See Valadez-Caramena III*, 402 F.3d at 1261. We note that the district court again in this case appropriately decided to treat his request for review of his conviction as not raising a claim for relief under 28 U.S.C. § 2255.

Case," filed on December 8, 2008, in which he challenged his 1998 drug-trafficking conviction on double-jeopardy grounds. His brief on appeal, however, makes no mention of this issue. It instead argues that the grand jury committed procedural errors in indicting him, an argument that he unsuccessfully presented in *Valadez-Camarena III*. (Indeed, Mr. Valadez-Camarena's brief on this appeal appears to be the same one that he submitted in *Valadez-Camarena III*.) We will not reverse the district court on a ground not presented to it. *See Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999).

Accordingly, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge