**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY deWILLIAMS,

Defendant - Appellant.

No. 05-1495

(D. Colorado)

(D.C. No. 88-CR-64-Z)

## ORDER AND JUDGMENT[*]

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Gary deWilliams appeals the district court's denial of his motion under Fed. R. Crim. P. 35(a) to correct his sentence, which was imposed over seventeen years ago. For the reasons set forth below, we affirm.

Mr. deWilliams was sentenced on August 3, 1988, to twenty-five years' imprisonment following his plea of guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of making a false statement, in violation of 18 U.S.C. § 1001. According to Mr. deWilliams, the offenses occurred on January 15, 1988.[1] On August 25, 1988, the district court issued a clarification that Mr. deWilliams' sentence had been imposed under the law that preexisted the United States Sentencing Commission's promulgation of sentencing guidelines. The court's ruling was based on its determination that the sentencing guidelines were unconstitutional. However, in January 1989, the Supreme Court issued its opinion in <u>Mistretta v. United States</u>, 488 U.S. 361 (1989), holding the guidelines constitutional.

Nearly seventeen years later, on August 8, 2005, Mr. deWilliams filed a motion pursuant to 28 U.S.C. § 2255, seeking to be resentenced under the sentencing guidelines based on the Court's ruling in <u>Mistretta</u>. The district court denied the motion, reasoning it was barred by the one-year time limit set forth in

---

[1] The record does not otherwise indicate the date of the offense.

§ 2255.[2] Mr. deWilliams also filed a petition for writ of coram nobis, which the court also denied as an attempt to circumvent the time limitation of § 2255.

Mr. deWilliams then filed a pro se "Motion to Correct an[] Illegal or Unauthorized Sentence Pursuant [to] Federal Rules of Criminal Procedure, Rule 35(a) 1986." R. Vol. I, tab 19. The district court indicated that this motion again "asserts the same claims that [deWilliams] raised in the § 2255 Motion and in the coram nobis Motion." Order at 2, id., tab 22. The court instructed Mr. deWilliams "that he may not avoid the time bar under § 2255 simply by styling a motion as something else." Id. Nevertheless, the court proceeded to analyze Mr. deWilliams' motion under Rule 35(a). The court ruled that Rule 35(a) did not afford Mr. deWilliams an avenue for seeking relief and thus denied his Rule 35(a) motion. In the same order, the court also denied Mr. deWilliams' "Motion to Proceed in Forma Pauperis and Affidavit in Support of Motion" as moot, and denied Mr. deWilliams' "Motion for Appointment of Counsel Pursuant [to] 18 U.S.C. § 3006A(a)(1)(H), (I); 2." Id. at 3. Mr. deWilliams appealed the order setting forth these rulings.[3]

_____

[2]The one-year time limit was introduced in 1996 as part of the Antiterrorism and Effective Death Penalty Act. Pub. L. No. 104-132, § 105, 110 Stat. 1214, 1220 (1996).

[3]Mr. deWilliams had previously sought to appeal the district court's ruling on his § 2255 motion. The district court denied deWilliams' request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). We note that the
(continued...)

As the district court observed, courts must liberally construe pro se litigants' pleadings. United States v. Ceballos-Martinez, 387 F.3d 1140, 1145 (10th Cir. 2004) (citing White v. Colorado, 82 F.3d 364, 366 (10th Cir. 1996)). Here, however, even the most liberal construction of Mr. deWilliams' claims is unavailing because Fed. R. Crim. P. 35(a) does not provide an appropriate vehicle for his claim.[4] Prior to 2002, the version of Rule 35(a) applicable to post-November 1, 1987, offenses "authorize[d] a district court to correct an illegal sentence on remand from a court of appeals." United States v. Blackwell, 81 F.3d 945, 948 (10th Cir. 1996). We have held that that version of Rule 35(a) "does not

---

[3](...continued) government, in a letter filed with this court, refers to that denial as relevant to Mr. deWilliams' current appeal and the government's corresponding refusal to file a brief. However, a certificate of appealability is only required for appeals from state court habeas proceedings and § 2255 proceedings. 28 U.S.C. § 2253(c)(1); see United States v. Valadez-Camarena, 402 F.3d 1259, 1259 n.1 (10th Cir. 2005). The district court made clear that this appeal "pertain[s] to [deWilliams'] rule 35(a) motion and not [his] 28 U.S.C. § 2255 motion," even though it had earlier indicated that the arguments raised in the two motions were the same. R. Vol. I, tab 29.

We further note that, after filing a notice of appeal of the court's ruling on his Rule 35(a) motion, Mr. deWilliams filed a "Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. 24" with the district court. If granted, this would have allowed Mr. deWilliams to proceed on appeal in forma pauperis. However, the district court denied this motion, concluding his appeal "[wa]s not taken in good faith." Order at 1, R. Vol. I, tab 31.

[4]Because Mr. deWilliams has explicitly disavowed the possibility that he intended, through his Rule 35(a) motion, to file a second or subsequent habeas petition, and insists instead that he intended to file a "direct, rather than a collateral, attack," Motion at 2, R. Vol. I, tab 19, we address his claim as such.

-4-

apply [where] the case was not on remand to the district court" but was instead before the court based on a defendant's direct motion for resentencing. Id. Here, Mr. deWilliams did not file an appeal of his sentence with this court pursuant to 18 U.S.C. § 3742(a), and the time for doing so has long passed. See Fed. R. App. P. 4(b) (indicating time limit for such appeals is generally within ten days of sentencing); United States v. Swenson, 289 F.3d 676, 676 n.2 (10th Cir. 2002). Moreover, in 2002, the former subsection (a) of Rule 35 was deleted, and the then-existing subsection (c) became the current subsection (a). The current subsection (a) allows a district court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within sevens days after sentencing. Fed. R. Crim. P. 35(a). Again, the time for any such action has expired.

Ironically, it seems that Mr. deWilliams is relying on the version of Rule 35(a) that applies to offenses committed before November 1, 1987, which allows a court to "correct an illegal sentence at any time." See United States v. Garcia, 879 F.2d 803, 804 (10th Cir. 1989); United States v. Vigil, 818 F.2d 738, 739 (10th Cir. 1987). Yet his argument on the merits, that he should have been sentenced under the guidelines, depends on his assertion that his offense occurred after November 1, 1987. United States v. Roederer, 11 F.3d 973, 976 (10th Cir. 1993).

Because, under any possible construction, Mr. deWilliams' Rule 35(a) motion cannot prevail, the district court's order denying that motion and Mr. deWilliams' other related motions is AFFIRMED. Mr. deWilliams' motion to proceed in this appeal without prepayment of fees is GRANTED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge