**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 08-1223 |
| v. | D. Colo. |
| GARY DEWILLIAMS, | (D.C. No. 88-CR-00064-ZLW-1) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Gary DeWilliams appeals from the district court's denial of his pro se motion to retroactively amend or modify his sentence to conform to the sentencing guidelines approved in *Mistretta v. United States*, 488 U.S. 361 (1989).[1]  Because we lack jurisdiction, we dismiss this appeal.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe DeWilliams' pleadings on account of his pro se status.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

## I. BACKGROUND

On August 3, 1988, following his guilty plea to bank robbery and making a false statement, DeWilliams was sentenced to twenty-five years imprisonment. The court had determined the guidelines to be unconstitutional and imposed a sentence without regard to them. In January 1989, the United States Supreme Court issued its opinion in *Mistretta*, holding the guidelines to be constitutional.

Almost seventeen years later, on August 8, 2005, DeWilliams filed a 28 U.S.C. § 2255 motion and a petition for writ of *coram nobis* seeking to be resentenced under the sentencing guidelines. He based his claim on *Mistretta*. The district court denied the § 2255 motion, concluding it was time barred. It denied the *coram nobis* petition, finding it was simply an attempt to circumvent the time limitation contained in § 2255.

Undeterred, DeWilliams filed a pro se motion to correct an illegal or unauthorized sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, raising the same argument as in the § 2255 motion and *coram nobis* petition. The court denied the motion, concluding Rule 35(a) did not afford an avenue for relief. We affirmed. *United States v. deWilliams*, 178 Fed. Appx. 819 (10th Cir. 2006) (unpublished).

On April 28, 2008, DeWilliams filed the motion which is the subject of the present appeal. The district court summarily denied the motion, noting it "contains the same arguments previously presented before this Court. [The]

-2-

requested relief remains time barred under 28 U.S.C. § 2255 and relief continues to be unavailable under Fed. R. Crim. P. 35(a)." (R. Vol. I, Doc. 42 at 2.) The court also denied DeWilliams' motion to proceed *in forma pauperis* (*ifp*) on appeal, "find[ing] th[e] appeal is not taken in good faith." (R. Vol. I, Doc. 49.)

## II. DISCUSSION

A. Jurisdiction

Although no challenge has been raised, "we have an independent duty to examine our own jurisdiction." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001); *see also Lang v. Lang (In re Lang)*, 414 F.3d 1191, 1195 (10th Cir. 2005) ("[A] court's threshold determination of its jurisdiction is a prerequisite to any judicial action . . . .") (emphasis omitted). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

The district court did not determine whether DeWilliams' motion was asserted under 28 U.S.C. § 2255 or Rule 35(a), as it concluded relief was not warranted in either case. We do not read DeWilliams' motion as requesting relief under Rule 35(a) because he does not assert the sentencing court made an "arithmetical, technical, or other clear error" in calculating his sentence. Fed. R. Crim. P. 35(a). Moreover, where a federal prisoner seeks to test the validity of a judgment and sentence, the exclusive remedy is that provided for in § 2255,

unless that remedy is inadequate or ineffective. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).[2]  DeWilliams clearly seeks to test the validity of his judgment and sentence—he requests "after a hearing on the merit(s) an Order be issued amending, or modifying the Judgment and Commitment Order . . . and upon that Mr. DeWilliams be discharged from further custody . . . ."  (R. Vol. I, Doc. 41 at 5.)  Thus, his motion can be properly characterized as a § 2255 motion.[3]

Because this is his second § 2255 motion, DeWilliams had to follow the procedure for the filing of a second or successive habeas petition.  Section 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1)  newly discovered evidence . . . ; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2244(b)(3)(A), in turn, mandates: "Before a second or successive application . . . is filed in the district court, the applicant shall move in the

---

[2] The § 2255 remedy is not inadequate or ineffective simply because the prisoner is procedurally barred from filing a § 2255 motion.  *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999).

[3] A court is not required to give notice before recharacterizing a pleading as a § 2255 motion when it is not the first § 2255 motion.  *See United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002).

appropriate court of appeals for an order authorizing the district court to consider the application."

DeWilliams did not obtain the required authorization. Without the authorization, the district court lacked jurisdiction to consider his motion. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("[A] second or successive § 2255 motion cannot be filed in district court without approval by a panel of this court. As a result, if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading.") (citations omitted). The Supreme Court has instructed: "When the lower federal court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Bender*, 475 U.S. at 541 (quoting *United States v. Corrick*, 298 U.S. 435, 440 (1936)). That is the extent of our jurisdiction here.

We **DENY** DeWilliams' request for current and past transcripts and his renewed motion to obtain a copy of his 1988 sentencing transcript, which we construe as motions to supplement the record.

B. Motion to Proceed *In Forma Pauperis*

DeWilliams filed a motion to proceed *ifp* on appeal with the district court pursuant to 28 U.S.C. § 1915(a)(1) and Rule 24(a)(5) of the Federal Rules of Appellate Procedure. On July 9, 2008, the district court denied the request

certifying the appeal was not taken in good faith. *See*, 28 U.S.C. § 1915(a)(3). He then renewed his *ifp* request with this Court. To proceed *ifp* on appeal "an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). We have reviewed the application to proceed *ifp*, DeWilliams' opening brief and the district court record and determined DeWilliams has filed an "appeal [that] (i) is frivolous . . .;" *See* 28 U.S.C. § 1915(e)(2)(B). We D**ENY** his motion to proceed *ifp*.

DeWilliams must pay the filing fee in full. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of appeal does not relieve a party from the responsibility to pay the full appellate filing fee). He shall be given credit for any payments previously made in this case. DeWilliams and/or his custodian are to forward payments from his account to the Clerk of the United States District Court for the District of Colorado. If payment cannot be made in full, payments shall continue until the full filing fee is paid. The United States Attorney is directed to serve a copy of this order forthwith on DeWilliams' custodian.

We **DISMISS** this appeal.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

-6-