**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GARY DeWILLIAMS,

        Petitioner-Appellant,

v.

BLAKE DAVIS, Warden,

        Respondent-Appellee.

No. 09-1449
(D.C. No. 1:07-CV-02513-REB-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

For many years, and with resort to many different legal devices,

petitioner-appellant Gary DeWilliams[1] has been trying to convince a court to

overturn his 1988 federal conviction and twenty-five-year sentence for bank

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     Petitioner-appellant's name is written two different ways in the record. In his amended application for relief under 28 U.S.C. § 2241, he identifies himself as Gary DeWilliams, whereas in his briefs to this court he styles his last name as "deWilliams." We will use "DeWilliams," the spelling used in the district court.

robbery and making a false statement. In this matter, nominally filed as a habeas petition under 28 U.S.C. § 2241, DeWilliams argues that the sentence for the 1988 conviction was invalid because it did not comply with the Sentencing Reform Act of 1984, as amended by the Sentencing Act of 1987 (SRA). The district court denied the § 2241 application. We vacate the judgment of the district court, construe DeWilliams' § 2241 application as a successive § 2255 motion, and deny the implied application for authorization for leave to file such a motion.[2]

At the time DeWilliams was sentenced in 1988, the United States District Court for the District of Colorado had determined that those portions of the SRA that established the Sentencing Commission and the Sentencing Guidelines were unconstitutional. *See United States v. Elliott*, 684 F. Supp. 1535, 1542 (D. Colo. 1988). Accordingly, that court sentenced DeWilliams under law that preexisted the SRA.[3]

In 2005, some seventeen years after his conviction, DeWilliams filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The

_____

[2]     As discussed below, in 2005 DeWilliams filed his first § 2255 motion which was ultimately denied. Since then he has filed at least one other case deemed to be a § 2255 motion. *See United States v. DeWilliams*, 299 F. App'x 801, 803 (10th Cir. 2008). Thus we refer to this latest attempt to vacate his sentence as a successive § 2255 motion.

[3]     Subsequently, in 1989, the Supreme Court announced *Mistretta v. United States*, 488 U.S. 361, 412 (1989), holding the SRA and the implementing Guidelines constitutional.

motion was denied as barred by the one-year statute of limitations set forth in

§ 2255. *See United States v. DeWilliams*, 178 F. App'x 819, 820 (10th Cir. 2006)

(explaining DeWilliams' litigation history in case affirming denial of relief under

Fed. R. Crim. P. 35(a)). In order to bring a successive challenge to his conviction

or sentence, DeWilliams must comply with the procedure set out in 28 U.S.C.

§§ 2244(b)(3)(A) and 2255. Instead of attempting to secure the authorization

required by these statutes to bring a successive § 2255 motion, however,

DeWilliams attempts to couch this action as one brought under § 2241.

The district court viewed the matter as "a thinly veiled application, which

is brought in title only under 28 U.S.C. 2241, [where] applicant again seeks

vainly to achieve time barred relief under 28 U.S.C. § 2255." R. at 355. We

agree with that characterization. DeWilliams' amended application for relief

under § 2241 first purported to attack the jurisdiction of the United States Parole

Commission, but that challenge is based on his contention that he should have

been sentenced under the Sentencing Guidelines and not under pre-Guidelines

law. *Id.* at 37-39. In his second claim, DeWillliams argued that the 1988

sentence should not have been used as a prior conviction when he was sentenced

on gun charges in 2002, and he asked the district court to invalidate the 1988

sentence. *Id.* at 39-40. This is clearly the stuff of § 2255 and inappropriate for

relief under § 2241. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)

(noting that "[a] petition under 28 U.S.C. § 2241 attacks the execution of a

sentence rather than its validity. . . . It is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255.").[4]

Because DeWilliams cannot resort to § 2241 to challenge "the validity of his conviction and the original sentence," *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009), *cert. denied*, 78 USLW 3396 (U.S. Mar. 8, 2010) (No. 09-768), his § 2241 petition is really an unauthorized successive motion for relief under § 2255, and, as such, the district court lacked subject matter jurisdiction to consider it. *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). We therefore vacate its ruling denying the § 2241 application. "We will, however, treat [DeWilliams'] notice of appeal and appellate brief as an implied application to this court for leave to file a [successive] § 2255 motion." *See id.* Because DeWilliams has failed to come forward with newly discovered evidence or a new rule of law applicable retroactively to his case, *see* 28 U.S.C. § 2255(h), we deny leave to file a successive § 2255 motion.

We have explained all of this to DeWilliams before. *See United States v. DeWilliams*, 299 F. App'x 801, 803-04 (10th Cir. 2008) (holding that motion to retroactively amend or modify sentence was, in reality, a § 2255 motion for which

---

[4]    We have held, in some cases, that recharacterizing a motion as one brought under § 2255 requires notice to the petitioner and an opportunity for the petitioner to withdraw the motion. *See, e.g., United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). That course, however, is unnecessary here because DeWilliams has already filed a previous § 2255 motion. *See id.*

DeWilliams did not have authorization and dismissing appeal for lack of jurisdiction). For that reason, we DENY his motion to proceed on appeal without prepayment of costs or fees because this appeal is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). DeWilliams' motion to add the United States Parole Commission Chairman as a respondent to appeal is also DENIED. The only proper respondent in this case is Mr. Davis, the warden of FCI, Englewood, Colorado, where DeWilliams is being held. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (emphasizing that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent" in challenges to present physical confinement). DeWilliams' motion to supplement authority is DENIED. The proposed supplemental material was considered but is irrelevant to the controlling issue in this case which is DeWilliams' attempt to bring a successive § 2255 motion without prior authorization from this court.

We VACATE the judgment of the district court and DENY DeWilliams' implied application for leave to file a successive § 2255 motion. We direct DeWilliams to make full and immediate payment of the outstanding balance of the appellate filing fees.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-5-