FILED
United States Court of Appeals
Tenth Circuit

February 10, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

GARY DEWILLIAMS,

  Defendant-Appellant.

No. 13-1370
(D.C. Nos. 1:12-CV-02347-CMA &
1:88-CR-00064-CMA-1)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **BACHARACH** and **PHILLIPS**, Circuit Judges.

Gary deWilliams, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the dismissal of his "Motion for Relief from a Void Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4)," which the district court construed as an unauthorized successive 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2255(h). We deny a COA and dismiss this matter.

In 1988, Mr. deWilliams pleaded guilty to bank robbery and making a false statement. Three weeks after sentencing him, the district court entered an order clarifying the judgment, specifying that the sentence was a pre-Guidelines sentence.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2005, Mr. deWilliams filed a § 2255 motion, which the district court denied as time-barred. *See United States v. deWilliams*, 178 F. App'x 819, 820 (10th Cir. 2006). Since then, he has filed numerous unsuccessful challenges to his 1988 pre-Guidelines sentence. *See In re deWilliams*, No. 11-1575, at 2-4 (10th Cir. Jan. 26, 2012) (unpublished order) (summarizing filings).

To appeal the district court's dismissal of his "Motion for Relief from a Void Judgment," Mr. deWilliams must secure a COA. To do so, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Regarding the procedural aspect of the *Slack* test, Mr. deWilliams asserts that his "Motion for Relief from a Void Judgment" addressed the district court's timeliness decision in the 2005 proceeding. Therefore, he argues, it was not a successive § 2255 motion because it attacked the integrity of the prior § 2255 proceeding rather than the validity of his sentence. *See Gonzalez v. Crosby*, 545 U.S. 524, 532-33 & n.4 (2005) (stating that a prisoner is not stating a claim for habeas relief that invokes the restrictions on successive applications when "he merely asserts that a previous ruling which precluded a merits determination was in error— for example, a denial for . . . [a] statute-of limitations bar"); *Spitznas v. Boone*,

464 F.3d 1213, 1216 (10th Cir. 2006) (same); *see also United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (applying *Gonzalez* to a § 2255 motion).

The "Motion for Relief from a Void Judgment," however, says nothing about the 2005 § 2255 proceeding. It is quite clear that the goal of this filing was to vacate the underlying 1988 sentence. Accordingly, no reasonable jurist would find it debatable whether the district court was correct in dismissing the "Motion for Relief from a Void Judgment" as an unauthorized successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam).

Giving Mr. deWilliams the benefit of liberal construction, we acknowledge that in other materials he filed in the district court in conjunction with his "Motion for Relief from a Void Judgment," he did refer to the district court's 2005 ruling. But even if he could satisfy the procedural aspect of the *Slack* test, he cannot satisfy the constitutional aspect. Reasonable jurists would not find it debatable whether the "Motion for Relief from a Void Judgment" states a valid claim of the denial of a constitutional right. Because Mr. deWilliams already has pursued relief under § 2255, any new motion for relief from his 1988 sentence is successive and requires authorization under § 2255(h). *See United States v. deWilliams*, 299 F. App'x 801, 803 (10th Cir. 2008) (instructing Mr. deWilliams on the procedure for filing a second or successive § 2255 motion). The "Motion for Relief from a Void Judgment" identifies no new Supreme Court decision or new evidence that would support authorization. Moreover, more than once, this court already has denied

Mr. deWilliams authorization to file § 2255 claims challenging his pre-Guidelines sentence. *See In re deWilliams*, No. 11-1575, at 5-6; *DeWilliams v. Davis*, 369 F. App'x 912, 914 (10th Cir. 2010). No further proceedings are warranted.

Mr. deWilliams' motion for leave to proceed without prepayment of fees and costs is granted. The application for COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk