**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

STANLEY D. POWELL,

    Defendant-Appellant.

No. 97-1439
(D.C. No. 96-CR-321-D)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Powell was convicted of four counts of possession with intent to distribute crack cocaine under 21 U.S.C. § 841(a)(1) and aiding and abetting

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

under 18 U.S.C. § 2. We affirm.

In 1996, the Denver police investigated Mr. Powell and surveilled three instances where a police informant purchased crack cocaine from Mr. Powell. The police acquired a search warrant and searched an apartment Mr. Powell occupied. They found approximately 70 grams of crack cocaine, which is an estimated 400 to 500 doses of street level crack cocaine.

On appeal, Mr. Powell first argues the government constructively amended the indictment, contending the evidence against him supported a charge of sales or distribution of the drugs but not the indicted charge of intent to distribute. In support of his argument, he points out that the court instructed the jury on *distribution* despite having already instructed it on *possession with intent* to distribute.

The Fifth Amendment requires that a defendant be tried only on charges handed down by a grand jury. Stirone v. United States, 361 U.S. 212, 217 (1960); United States v. Wright, 932 F.2d 868, 874 (10th Cir. 1990). A constructive amendment to broaden an indictment violates the Fifth Amendment and is reversible error per se. Wright, 932 F.2d at 874. We have held that a Fifth Amendment violation "occurs when the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is substantial likelihood that

the defendant may have been convicted of an offense other than that charged in the indictment." United States v. Mills, 29 F.3d 545, 548 (10th Cir. 1994) (citations omitted). If the discrepancy does not rise to this level, we review for harmless error. See Wright, 932 F.2d at 874; Hunter v. New Mexico, 916 F.3d 595, 598-99 (10th Cir. 1990).

Here, the government did not modify any essential element of the indictment. The government's proof of distribution concurrently proved all the elements of possession with an intent to distribute. The video-taped evidence and the testimony of witnesses that Mr. Powell was selling crack cocaine established Mr. Powell's intent to sell as well as his distribution of drugs. The inclusion of a distribution instruction did not require the jury to look at facts or essential elements different than the considerations for a charge of possession with intent to distribute. Accordingly, there is no substantial likelihood Mr. Powell was convicted of an offense other than that charged. We are further persuaded that any variance between the conviction and the indictment was nominal and harmless.

Second, Mr. Powell argues that no factual basis existed for the grand jury's charge of aiding and abetting under 18 U.S.C. § 2. "[T]he right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime." United States v. Miller, 471 U.S. 130, 136

(1985). The Court in Miller offered three factors to consider: prejudice to the defendant's ability to defend himself at trial, the general fairness of the trial, and the indictment's sufficiency to bar subsequent prosecution. Id. at 138 n.5. We are not convinced the superfluous charge of aiding and abetting obstructed Mr. Powell's ability to defend himself or had any effect on the general fairness of the trial. Nor did it introduce a possibility of subsequent prosecution for the underlying offense. Mr. Powell's indictment thus did not violate his right to a grand jury.

Mr. Powell also contends the instruction on aiding and abetting was improper, denying him a fair trial. Because he did not object to the proposed jury instructions below, we review for plain error. See United States v. Duran, 133 F.3d 1324, 1330 (10th Cir. 1998). Even assuming error in the instruction, we conclude the "error" did not "seriously affect" the fairness of the trial, given the overwhelming evidence of Mr. Powell's drug activities. See Johnson v. United States, 117 S. Ct. 1544, 1550 (1997).

Mr. Powell next claims certain evidence at trial should have been suppressed because it resulted from a search warrant that was facially defective under the Fourth Amendment for lack of particularity. He further asserts the warrant lacked probable cause because the alleged drug sales did not take place within the searched apartment. We review de novo whether the warrant at issue

-4-

was sufficiently particular to satisfy the Fourth Amendment, and we review the trial court's findings of fact at a suppression hearing for clear error. United States v. Williamson, 1 F.3d 1134, 1135 (10th Cir. 1993).

A warrant is "'sufficiently particular if it allows the searcher to reasonably ascertain and identify the things authorized to be seized.'" United States v. Hargus, 128 F.3d 1358, 1362 (10th Cir. 1997) (quoting United States v. Finnigin, 113 F.3d 1182, 1187 (10th Cir. 1997). The particularity of the warrant's descriptions should prevent the officer from "generally rummaging through a person's belongings." Id. (citing Lawmaster v. Ward, 125 F.3d 1341, 1347-48 (10th Cir. 1997)). The warrant here contains a clear and specific list of items related to the drug charges and we hold it to be adequately particular.

Probable cause for a warrant requires that a reasonable person would believe the articles sought would be found at the place to be searched. Id. The evidence that Mr. Powell sold drugs in the doorway of the apartment and in the lobby of the apartment building sufficiently satisfies this standard. The district court properly denied suppression of evidence obtained through the search warrant.

Finally, Mr. Powell submits the trial court violated Fed.R.Evid. 404(b) and 403 by allowing testimony of a witness, Mr. Bridges, that Mr. Powell asserts improperly suggested he conducted drug transactions with passing cars outside the

apartment building. We review the trial court's decision to admit or exclude evidence for abuse of discretion. Breeden v. ABF Freight Sys. Inc., 115 F.3d 749, 754 (10th Cir. 1997). The trial judge established a clear record that the testimony fell within the scope of 404(b) and 403, stating that the evidence related to Mr. Powell's "intent, motive and plan in connection with the sale and/or distribution of crack cocaine" as set forth in the indictment. Rec., vol.VII, at 78. The court also made a finding that the probative value outweighed prejudice. We have reviewed the record and we conclude the district court acted well within its discretion in admitting Mr. Bridges' testimony.

For the reasons stated above, we **AFFIRM** the judgment of the district court in all particulars.[1]

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge

---

[1]Mr. Powell's motion to expedite the appeal is granted. His motion for release pending appeal is denied as moot.