**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 22 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

————————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

STANLEY DOUGLAS POWELL,

    Defendant-Appellant.

No. 00-1075
(D. Colo.)
(D.Ct. No. 99-D-414)

————————————————

**ORDER AND JUDGMENT**[*]

————————————————

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

————————————————

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Appellant Stanley D. Powell, a federal inmate appearing *pro se*, appeals the

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's decision dismissing his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. We deny Mr. Powell's request for a certificate of appealability and dismiss his appeal.

Mr. Powell was convicted of four counts of possession with intent to distribute cocaine base. Three of the four distribution counts included aiding and abetting charges pursuant to 18 U.S.C. § 2. We affirmed Mr. Powell's conviction on direct appeal. *See United States v. Powell*, 166 F.3d 349, 1998 WL 794973 (10th Cir. Nov. 16, 1998) (unpublished opinion). In a related decision, we also affirmed civil forfeiture of $11,557 as proceeds of Mr. Powell's drug offenses. *See United States v. $11,557.22 in U.S. Currency*, 198 F.3d 260, 1999 WL 820230 (10th Cir. Oct. 14, 1999) (unpublished opinion).

Following his direct appeal, Mr. Powell filed his § 2255 motion, assigning three grounds for error. Specifically, Mr. Powell alleged: 1) he received insufficient notice of the charges against him because the indictment failed to include a charge of distribution of drugs; 2) the indictment was defective because it included the charge of aiding and abetting, but did not contain a sufficient statement of the facts supporting such a charge; and 3) his counsel provided ineffective assistance of counsel for several reasons.

-2-

In an exceedingly comprehensive order, the district court dismissed the motion. Applying the controlling Supreme Court and Tenth Circuit authority, the district court determined Mr. Powell failed to raise the first two claims in his direct appeal, or make a showing of cause and prejudice or miscarriage of justice, which is required to overcome a presumption of dismissal when issues are raised for the first time on collateral attack. For that reason, the district court determined Mr. Powell's first two claims were procedurally barred. As to the ineffective assistance of counsel argument, the district court performed an exhaustive discussion of the several claims underlying Mr. Powell's argument and determined Mr. Powell failed to show his counsel's performance was either constitutionally deficient or that the alleged deficient performance prejudiced him.

On appeal, Mr. Powell raises the same issues addressed by the district court. We begin with our standard of review. "[We] review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998) (citing *United States v. Cox*, 83 F.3d 336, 338 (10th Cir. 1996). Ineffective assistance of counsel claims involve mixed questions of law and fact, which we review *de novo*. *See United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997). In order for Mr.

Powell to obtain a certificate of appealability, he must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

Applying these standards, we have carefully reviewed the pleadings and record on appeal.  For the purpose of judicial economy, we will not duplicate the district court's thorough discussion and correct determination of the same issues presented to this court on appeal, other than to conclude Mr. Powell fails to make a substantial showing of the denial of a constitutional right.  Accordingly, we deny Mr. Powell a certificate of appealability for substantially the same reasons set forth in the district court's February 8, 2000 Order of Dismissal, and thereby **DISMISS** this appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-4-