**UNITED STATES COURT OF APPEALS**

**October 8, 2008**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STANLEY DOUGLAS POWELL,

Defendant-Appellant.

No. 08-1164
(D.C. No. 1:96-CR-00321-WYD-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

In his notice of appeal, Stanley Douglas Powell states that he is appealing

from the order entered by the district court on April 24, 2008, denying his motion

under 18 U.S.C. § 3582(c)(2) to reduce the 188-month federal sentence that he

received after being convicted by a jury on four counts of possession with the

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

intent to distribute crack cocaine.[1]  In the pro se briefs that he has submitted to this court, however, Mr. Powell has made no effort to explain how the district court abused its discretion in refusing to reduce his sentence.  Instead, he has focused exclusively on issues unrelated to the sentence-reduction proceeding.  We have jurisdiction under 28 U.S.C. § 1291 to review the district court's denial of Mr. Powell's § 3582(c)(2) motion.  *See United States v. Trujeque*, 100 F.3d 869, 869, 870-71 (10th Cir. 1996).  Because Mr. Powell has failed to challenge the district court's disposition of his motion, we affirm the district court's denial of Mr. Powell's motion for reduction of sentence; we dismiss the balance of this appeal for lack of jurisdiction.

In his motion for reduction of sentence, Mr. Powell argued that he is entitled to a reduced sentence based on the recent amendments to the sentencing guidelines that apply to federal crack-cocaine convictions.  Specifically, he argued that he was entitled to have his base offense level reduced from 32 to 30.  After appointing counsel for Mr. Powell and receiving submissions from Mr. Powell's counsel, the United States Attorney, and the United States Probation Department indicating that Mr. Powell was in fact eligible for a discretionary

---

[1]     This court affirmed Mr. Powell's convictions on direct appeal.  *See United States v. Powell*, No. 97-1439, 1998 WL 794973 (10th Cir. Nov. 16, 1998).

reduction in his sentence under the amended sentencing guidelines,[2] the district

court denied Mr. Powell's motion.  The court explained:

> On November 1, 2007, the United States Sentencing
> Commission amended the applicable guideline in this case. . . .
>
> In the instant case, the amendment lowers the base offense
> [level] to 30.  No other guideline applications were made in the
> original sentencing, so the final offense level in this case is 30.
> At the Defendant's established criminal history category of V, this
> results in a new sentencing range of 151-188 months.  This is a
> reduction from the previously applied range of 188-235 months.
>
> Consistent with 18 U.S.C. § 3582(c)(2), the court shall
> consider the factors set forth in 18 U.S.C. § 3553(a) in determining:
> (I) whether a reduction in the defendant's term of imprisonment is
> warranted; and (II) the extent of such a reduction . . . .  In addition,
> the court is to consider (1) Public safety (the nature and seriousness
> of the danger to any person or the community that may be posed by a
> reduction in the defendant's term of imprisonment) and
> (2) Post-Sentencing Conduct (the conduct of the defendant that
> occurred after the imposition of the original term of imprisonment).
>
> After reviewing the applicable law and the [Probation
> Department's amended presentence investigation report], I find that a
> reduction in the Defendant's term of imprisonment is unwarranted.
> With respect to the issue of public safety, I note that at the time the
> instant offense was committed, the Defendant had prior felony
> convictions for second degree murder, theft, conspiracy to commit
> theft, mail fraud, attempted escape, and possession with intent to
> defraud.  Importantly, while serving the sentence on the instant
> offense, the Defendant incurred a conviction for one count of
> Knowingly Causing Threatening Communications to be Mailed, in
> violation of 18 U.S.C. § 876(c) in this Court (Case Number

---

[2]     Although the Probation Department's amended presentence investigation
report is not in the record before this court, the district court referred to the report
in its order denying Mr. Powell's motion for reduction of sentence, and we do not
need the report to decide this appeal.

04-cr-00051).  Specifically, the Defendant threatened to have his previous attorney's "head cut off."  On September 10, 2004, the Defendant was sentenced to 27 months imprisonment, consecutive to the sentence imposed in the instant offense.

Based on my consideration of the factors set forth in 18 U.S.C. § 3553(a), particularly the public safety factor, I find that in my discretion, the Defendant's sentence should not be reduced.

R., Doc. 270 at 2-4.

In the pro se briefs that he has submitted to this court,[3] Mr. Powell has not advanced a single argument challenging the district court's denial of his motion for reduction of sentence.  As a result, Mr. Powell has forfeited his right to have this court determine whether the district court abused its discretion in denying the motion.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (affirming judgment below because appellant's pro se briefs contained no argument of substance); *see also Robey v. Shapiro, Marianos & Cejda, LLC*, 434 F.3d 1208, 1213 (10th Cir. 2006) (appellant waived his right to challenge dismissal of state-law claims when he failed to argue that district court abused its discretion in refusing to exercise supplemental jurisdiction); *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 n.10 (10th Cir. 2004) (appellant waived its right to appeal rulings of district court that it did not substantively

---

[3]     The district court permitted Mr. Powell's appointed counsel to withdraw from his representation of Mr. Powell after counsel informed the court that Mr. Powell no longer wanted counsel to represent him.  Mr. Powell is therefore proceeding in this appeal pro se.

address in its opening brief); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived[.]").[4]

Mr. Powell argues in his briefs that the district court lacked subject-matter jurisdiction in his criminal case because he was convicted of a crime that was not charged in the grand jury's indictment. *See* Aplt. Opening Br. at 2 ("The Appellant was tried, convicted and sentenced for a crime that was not charged in his indictment. . . . The district court had absolutely no authority to sentence the Appellant for a crime 'distribution' that was not charged in his indictment. . . . The district court lacked subject matter jurisdiction in criminal action No. 96-CR-00321WYD."); *see also* Aplt. Reply Br. at 2 (requesting an explanation why conduct of government and district court "did not amount to a constructive amendment of the Appellant's indictment"). Mr. Powell also

---

[4] Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks omitted). Thus, while we make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840 (citing *Hall*, 935 F.2d at 1110 ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.")).

contends that he was "clearly . . . the victim of ongoing fraud on the court." Aplt.

Opening Br. at 3. These arguments are beyond the scope of our present appellate

jurisdiction in this proceeding, however, because they amount to substantive

challenges to Mr. Powell's conviction and sentence. As such, they can be

pursued only in accordance with the provisions of 28 U.S.C. §§ 2244 and 2255

governing second or successive § 2255 motions.[5] *See Caravalho v. Pugh*, 177

F.3d 1177, 1178 (10th Cir. 1999) (28 U.S.C. § 2255 is exclusive remedy for

challenges to validity of a federal conviction or sentence unless that remedy is

inadequate or ineffective). Further, "[t]hat [Mr. Powell] may be barred from

filing a second or successive motion pursuant to § 2255 in the sentencing court

does not establish that the remedy provided in § 2255 is inadequate or

ineffective."[6] *Id.*

---

[5]     We note that Mr. Powell has unsuccessfully pursued a prior § 2255 motion in the district court and this court, *see United States v. Powell*, No. 00-1075, 2000 WL 1187674 (10th Cir. Aug. 22, 2000), and that he has also previously sought relief in the district court under Fed. R. Civ. P. 60 and 28 U.S.C. § 2241, *see United States v. Powell*, No. 04-CV-01616, 2006 WL 1707969 (D. Colo. June 20, 2006) (Rule 60) and *Powell v. Davis*, 07-CV-02289-BNB, 2007 WL 4442400 (D. Colo. Dec. 14, 2007) (§ 2241).

[6]     Given the limited nature of the proceedings before the district court and Mr. Powell's failure to acknowledge or make any effort to address the manifest impediments to his seeking habeas relief at this time under § 2255, we decline to construe his claims in this appeal as a motion under § 2244(b)(3)(A) for authorization to file a second or successive § 2255 motion in the district court. Consequently, Mr. Powell must file a separate proceeding in this court to obtain such authorization if he decides at any time in the future to pursue a second or successive § 2255 motion, and we express no opinion regarding his chances of

(continued...)

Finally, the time for filing a challenge to the indictment under Fed. R. Crim. P. 12(b)(3)(B) has long since passed. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (defendant's motion under Rule 12(b)(3)(B) was untimely when defendant's case was no longer "pending" because it had been "reduced to judgment, affirmed on direct appeal, and rejected for certiorari review").

We **AFFIRM** the district court's denial of Mr. Powell's motion for reduction of sentence and **DISMISS** the balance of this appeal for lack of jurisdiction.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[6](...continued)
obtaining such authorization.