**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RON ALONZO BANKS,

Defendant-Appellant.

No. 08-8077

(D.C. No. 04-CR-00108-CAB-1)

(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

Defendant appeals the district court's disposition of his 18 U.S.C.

§3582(c)(2) motion. Defendant was convicted of several drug offenses and a

related firearm offense. He was sentenced to 151 months of imprisonment on the

drug counts, followed by a mandatory consecutive term of sixty months on the

firearm count. A panel of this court affirmed the district court's judgment on

direct appeal in *United States v. Banks*, 451 F.3d 721 (10th Cir. 2006). After the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
This case is therefore ordered submitted without oral argument.

Sentencing Commission retroactively amended the crack cocaine sentencing guidelines, Defendant sought a reduction in his sentence pursuant to § 3582(c)(2), and the district court appointed counsel to represent Defendant in the § 3582 proceedings. The court ultimately reduced Defendant's sentence to the mandatory minimum sentence of 120 months for the drug offenses, with the consecutive sixty-month sentence for the firearm offense remaining unchanged.

Defense counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and requested permission to withdraw. Counsel concludes that Defendant has no non-frivolous issues to raise on appeal because the court reduced Defendant's term of imprisonment to the statutory minimum and the court had no statutory authority to provide any other relief in a § 3582(c)(2) proceeding. Defendant's pro se brief in response argues that the district court's factual findings in the original sentencing proceeding were clearly erroneous and that the district court erred in ruling on the § 3582(c)(2) motion without first resolving Defendant's pending § 2255 habeas petition. The government has declined to file a response.

After thoroughly reviewing the briefs and the record on appeal, we conclude that Defendant has no non-frivolous grounds to raise on appeal. As defense counsel notes, § 3582 is not the proper vehicle for an attack on the facts underlying Defendant's conviction and sentence. *See United States v. Powell*, 205 F. App'x 920, 922-23 (10th Cir. 2008). We also see no basis for Defendant's

argument that the court erred by conducting the § 3582 resentencing proceeding before resolving his pending § 2255 petition. Contrary to Defendant's apparent belief, the court's decision in the § 3582 proceeding did not effectively annul the issues raised in his § 2255 petition and "lock[ him] into an offense level of 32" regardless of the outcome of the § 2255 case. (Pro Se Defendant–Appellant's Brief at 5.) Defendant's reliance on *United States v. Ivy*, 83 F.3d 1266, 1295 (10th Cir. 1996), is misplaced. The court's decision to reduce his sentence based on the retroactive amendment to the crack guidelines will not remove the potential benefits Defendant might receive if his § 2255 petition is successful.

Because the district court gave Defendant as much relief as possible in a § 3582(c)(2) proceeding by reducing his sentence to the statutory minimum, Defendant has no non-frivolous grounds to raise on appeal. We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge