FILED
United States Court of Appeals
Tenth Circuit

October 27, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff–Appellee,

v.

MICHAEL DALE CHRISTIAN,

     Defendant–Appellant.

No. 10-7047
(D.C. No. 6:03-CR-00075-RAW-SPS-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL,** and **LUCERO**, Circuit Judges.

Michael Dale Christian, a federal prisoner proceeding pro se,[1] appeals the district

court's denial of his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Christian pled guilty in 2004 to violating 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii),

---

[*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

[1] Because he proceeds pro se, we construe Christian's pleadings liberally.  See
Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Possession of Methamphetamine with Intent to Distribute. He was sentenced to 188 months' imprisonment and four years' supervised release. The plea agreement waived Christian's rights to appeal or collaterally attack his sentence. Christian filed no direct appeal.

In early 2010, Christian filed a Motion to Request Reduction of Sentence under 18 U.S.C. § 3582(c)(2). His § 3582(c) motion also substantively challenged his sentence. The district court denied his motion, concluding: (1) the Sentencing Guidelines amendments Christian contended had lowered his sentencing range became effective before he was sentenced; and (2) his substantive challenges to his sentence were precluded by his plea waiver and also were not allowed to be brought in a § 3582(c) motion. He appeals.

This court reviews a district court's decision to deny a sentence reduction under § 3582(c)(2) for abuse of discretion. United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008). "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1165 (10th Cir. 1998).

The district court did not abuse its discretion in determining that Christian was ineligible for § 3582(c)(2) relief. Section 3582(c)(2) provides that a court may reduce a defendant's sentence that was based on a sentencing range that was subsequently lowered by the Sentencing Commission. But a court may grant relief only for a Guidelines

amendment promulgated <u>after</u> a defendant's sentencing. <u>United States v. Price</u>, 438 F.3d 1005, 1006-07 (10th Cir. 2006). Christian contends that Guidelines Amendments 484 and 591 reduced his sentencing range. But Amendment 484 became effective November 1, 1993, and Amendment 591 became effective November 1, 2000, well before Christian's sentencing.

In addition, the district court correctly declined to consider Christian's substantive challenges to his sentence. <u>See</u> <u>Caravalho v. Pugh</u>, 177 F.3d 1177, 1178 (10th Cir. 1999) (28 U.S.C. § 2255 is the exclusive remedy for challenges to the validity of a federal conviction or sentence unless that remedy is inadequate or ineffective); <u>United States v. Powell</u>, 295 Fed. App'x 920, 923 (10th Cir. 2008) (unpublished) (cannot bring substantive challenge to a conviction or sentence through a 18 U.S.C. § 3582(c)(2) motion).

**AFFIRMED**. Because Christian has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir.1991), we **DENY** his motion to proceed in forma pauperis.

Entered for the Court,

Carlos F. Lucero
Circuit Judge

-3-