**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT ARTHUR REED,

    Defendant - Appellant.

Nos. 15-8009, 15-8032,
15-8034 & 15-8085
(D.C. No. 1:12-CR-00058-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

After he pleaded guilty to federal fraud charges in connection with a doubtful wind farm scheme, the district court sentenced Mr. Reed to prison. On appeal, Mr. Reed presented a number of arguments aimed at setting aside both his conviction and sentence. But none proved persuasive. *See United States v. Reed*, 602 F. App'x 436 (10th Cir. 2015). Now Mr. Reed effectively seeks to undo that result in two different ways. We don't see how either venture might succeed.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

First, Mr. Reed contests a district court ruling, issued after his appeal, that dismissed his motions to supplement the appellate record. For its part, the district court noted that, during his appeal, Mr. Reed presented the very same motion to supplement the record to this court and we expressly denied the motion on the ground that the proposed supplemental materials were unrelated to the issues on appeal and could not affect the court's disposition one way or the other. *Id.* at 441. After that appellate ruling, the district court reasoned, it was in no position to offer Mr. Reed any relief. And whatever other problems may attend Mr. Reed's effort to pursue this post-judgment appeal outside the normal channels for collateral relief, this one seems quite clear. For it is long since settled that the district court lacks jurisdiction to revise a mandate from the court of appeals, just as this panel similarly lacks the power to revise the ruling of a previous panel. *Colo. Interstate Gas Co. v. Nat. Gas Pipeline Co. of Am.*, 962 F.2d 1528, 1534 (10th Cir. 1992) ("The rule is well established that a district court must comply strictly with the mandate rendered by the reviewing court."); *LeFever v. C.I.R.*, 100 F.3d 778, 787 (10th Cir. 1996) ("[O]ne panel of this court is bound by the precedent of an earlier panel absent en banc reconsideration or a superseding contrary decision of the U.S. Supreme Court . . . .").

Second, Mr. Reed argues that the district court erred by denying a number of other motions he filed after losing his appeal. All these motions share in common the complaint that the district court failed to protect his rights adequately during his plea and sentencing proceedings, and all ask the district court to reconsider its final judgment. Mr. Reed contends that the district court possesses the power to grant that

2

relief thanks to 18 U.S.C. § 3231.  But this court has already rejected just that argument, holding that "§ 3231 does not, standing alone, confer upon a district court jurisdiction to set aside a previously imposed criminal judgment that contains a term of imprisonment."  *United States v. Spaulding*, 802 F.3d 1110, 1112 (10th Cir. 2015).  Neither has Mr. Reed made any attempt to question that holding.  Indeed, he has not even addressed *Spaulding*, so any argument that might have been presented to that effect is waived.  *See, e.g.*, *Pino v. Higgs*, 75 F.3d 1461, 1463 (10th Cir. 1996).

The district court's orders are affirmed.  Mr. Reed's motion to proceed in forma pauperis is denied, as are all of his additional motions in this court.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge