**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ROBERT REED,

     Defendant - Appellant.

No. 16-8018
(D.C. No. 1:12-CR-00058-SWS-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.

Robert Reed pleaded guilty to federal fraud charges in 2013 and has been trying to undo his conviction and sentence ever since. On direct appeal, he raised a number of arguments challenging both but none persuaded us. *See United States v. Reed*, 602 F. App'x 436 (10th Cir. 2015). When those didn't work, he tried others still — appealing the denial of several motions he had filed after his direct appeal. But those too warranted no relief. *See United States v. Reed*, Nos.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

15-8009, 15-8085, 15-8032, 15-8034, 2016 WL 1298001 (10th Cir. Apr. 4, 2016). Now on his third attempt, Mr. Reed comes at the matter from a different angle, but his arguments prove no more persuasive for the change in direction.

Mr. Reed ostensibly appeals from the district court's February 1, 2016 ruling amending his forfeiture order to include a substitute asset. S*ee* R. vol. I at 684 (Notice of Appeal). But you can't tell that from his brief. In fact, Mr. Reed makes almost no mention of that order, and so any argument he might have had against it has now been lost. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005); *United States v. Powell*, 295 F. App'x 920, 922 (10th Cir. 2008). Mr. Reed instead focuses on two unrelated arguments — that the evidence underlying his conviction was fabricated and that a November 2015 order substituting a restitution payee should be set aside. But neither argument is available to him in this appeal. Any argument challenging the lawfulness of his conviction is, at this point, properly the subject not of an appeal but a motion under 28 U.S.C. § 2255. (And even then, Mr. Reed's claims of factual innocence would appear barred by his voluntary and unconditional guilty plea. *See, e.g.*, *United States v. De Vaughn*, 694 F.3d 1141, 1145-46, 1152-53 (10th Cir. 2012); *Reed*, 602 F. App'x at 438.) The November 2015 order, meanwhile, was the subject of a prior appeal taken by Mr. Reed. But we dismissed that appeal for failure to prosecute and Mr. Reed has made no attempt

to reinstate it, so that order is not properly before us now. *See* 10th Cir. R. 42.1, 42.2; *United States v. Contreras*, 224 F. App'x 862, 864-66 (10th Cir. 2007).

The district court's February 1, 2016 order amending Mr. Reed's forfeiture order is affirmed. Mr. Reed's motion to proceed in forma pauperis is denied, and he is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge