**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

ROBERT REED,

  Petitioner – Appellant,

v.

CHRISTOPHER A. CROFTS, United
States Attorney for the District of
Wyoming,

  Respondent - Appellee.

No. 17-8004
(D.C. No. 2:16-MC-00033-NDF)
(D. Wyo.)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

———————————————————

In 2013, Robert Reed pled guilty to conspiracy to commit mail and wire fraud

and conspiracy to commit money laundering.  He was sentenced to 151 months in

prison and ordered to pay restitution of $4,425,034.63.  This court affirmed.  *United

States v. Reed*, 602 F. App'x 436, 437 (10th Cir. 2015) (unpublished).  Since then, he

has filed motions in his criminal case for production of documents and other relief

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and has brought multiple appeals to this court—all unsuccessful. *See*, *e.g.*, *United States v. Reed*, 644 F. App'x 847 (10th Cir. 2016) (unpublished).

On February 19, 2016, Mr. Reed petitioned for a writ of mandamus under 28 U.S.C. § 1361 to the U.S. Attorney for Wyoming to produce documents and evidence from his criminal case. The district court dismissed the petition for several reasons, including that "his criminal conviction has been affirmed and he can only challenge that conviction through a § 2255 motion." ROA Vol. 1 at 59. Mr. Reed then filed a separate § 2255 motion, which is still pending in district court.

On November 10, 2016, after filing the separate action for § 2255 relief, Mr. Reed filed a motion in the mandamus proceeding under Rule 60(b) of the Federal Rules of Civil Procedure, challenging the district court's denial of his petition. The court denied this motion, rejecting his arguments that filing a separate § 2255 motion entitled him to mandamus, that he could make a new argument under the Freedom of Information Act, or that he had met a ground for Rule 60(b) relief. Mr. Reed has appealed this ruling.

We generally review a district court's denial of a Rule 60(b) motion for abuse of discretion. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "Mandamus is a drastic remedy, available only in extraordinary circumstances." *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993). To receive a writ of mandamus, Mr. Reed not only had to "show that [his] right to the writ [was] clear and indisputable," *In re Antrobus*, 519 F.3d 1123, 1124 (10th Cir. 2008) (quotations omitted), but also that he had "exhausted all other

avenues of relief," *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). *See also Hadley Mem'l Hosp., Inc. v. Schweiker*, 689 F. 905, 912 (10th Cir. 1982).

In denying the mandamus petition, the district court said Mr. Reed could pursue his request for documents and other evidence in a § 2255 proceeding. Although he then filed his § 2255 motion, he continued to pursue mandamus relief. The district court did not abuse its discretion when it denied the Rule 60(b) motion, pointing out, as it did when it denied a writ in the first instance, that Mr. Reed had an alternative avenue to seek relief. Mr. Reed's 64-page brief (including attachments) does not show otherwise.

We therefore affirm. We also deny Mr. Reed's request to proceed *in forma pauperis*, *see Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (requiring a "reasoned, nonfrivolous argument" for *ifp*), and his application for an order to show cause.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge