FILED
United States Court of Appeals
Tenth Circuit

December 21, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ROBERT REED,

     Defendant - Appellant.

No. 17-8015
(D.C. No. 1:12-CR-00058-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BALDOCK**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

Robert Reed, a federal prisoner proceeding pro se, appeals the district court's

order granting the government's motion to substitute a restitution payee. Exercising

jurisdiction under 28 U.S.C. § 1291, we conclude that this appeal is frivolous. We

therefore dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Reed pleaded guilty to federal charges of conspiracy to commit mail and wire

fraud and conspiracy to launder money arising from a scheme to sell investments in

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

nonexistent wind-farm projects. He was sentenced to 151 months' imprisonment followed by three years' supervised release, ordered to pay more than $4 million in restitution to the numerous victims of his crimes, and ordered to forfeit certain assets. We affirmed his conviction and sentence. *See United States v. Reed*, 602 F. App'x 436 (10th Cir. 2015). Since then he has filed motions in his criminal case for production of documents and evidence from his criminal case and other relief, and he has brought multiple appeals to this court from the denial of those motions and from other orders, none of which were successful. *See, e.g.*, *United States v. Reed*, 654 F. App'x 935 (10th Cir. 2016); *United States v. Reed*, 644 F. App'x 847 (10th Cir. 2016). He has also unsuccessfully sought from this court and the federal district courts in Wyoming and Utah mandamus relief related to evidence in his criminal case. *See, e.g.*, *Reed v. Crofts*, 691 F. App'x 552 (10th Cir. 2017).[1] In all these efforts Reed has represented himself.

Recently, after one of the restitution payees died, the government moved to substitute the payee's wife, who had been appointed executor of her husband's estate, as the sole payee of $100,000 in restitution that originally was to be made jointly to both of them. The district court granted that motion. Reed now appeals that ruling but fails to directly challenge the order. As best we understand his briefs, he instead complains that the prosecutors, the district court, and this court have destroyed

---

[1] We have dismissed other appeals for failure to prosecute, including appeals involving mandamus requests and a civil action against the district court judge in his criminal case.

2

exculpatory evidence, namely, 83 investment contracts, that would reveal there was no violation of federal law and, therefore, that the district court never had jurisdiction over his criminal case. From this argument flows, apparently, the proposition that the district court lacked jurisdiction to grant the motion to substitute. Reed also contends he cannot adequately brief this appeal without the allegedly missing evidence and that the clerk of this court and one of its former judges are guilty of criminal misconduct related to that evidence.

We construe Reed's pro se filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Even so, his challenge to the district court's jurisdiction is improperly brought in this appeal. He appeals from a post-judgment ministerial order, but nearly all of his argument is directed at the district court's subject matter jurisdiction to enter judgment of conviction and sentence.[2] For the relief he seeks (dismissal of the criminal charges against him or, in the alternative, a remand for further proceedings concerning the district court's jurisdiction and the amount of restitution, *see* Reply Br. at 16), Reed must look to

---

[2] Reed does claim that by granting the motion to substitute, the district court entered an amended judgment that increased his restitution amount by $100,000 and thereby violated 18 U.S.C. § 3664(o). This argument is frivolous. The court did not enter an amended judgment and did not increase the amount of restitution; the court merely changed the payee of the remainder of the $100,000 in restitution from both husband and wife to just the wife. Reed has filed a notice of supplemental authority pursuant to Fed. R. App. P. 28(j), arguing that *United States v. Pleitez*, 876 F.3d 150 (5th Cir. 2017), concerns the same issue and is persuasive authority for treating the substitution order as a critical stage in the proceedings at which Reed should have been represented by counsel. We have considered *Pleitez* but are not persuaded that it affects our disposition of this appeal.

28 U.S.C. § 2255, which allows a motion claiming a federal district court "was without jurisdiction to impose [a] sentence," *id.* § 2255(a), and "is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention," *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (brackets and internal quotation marks omitted). Raising this attack in this appeal is frivolous.[3]

Accordingly, we conclude that this appeal is frivolous and that Reed has been abusing the judicial process by repeatedly seeking similar relief through a variety of improper channels. We therefore dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and we caution Reed that we will consider filing restrictions and sanctions if he continues to file baseless or frivolous appeals or original proceedings with this court or otherwise abuse the judicial process. We also deny Reed's request to proceed on appeal without prepayment of costs and fees (*ifp*). *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (requiring "a reasoned, nonfrivolous argument" in order to merit *ifp* on appeal). We remind Reed of his obligation to pay all filing and docketing fees in full to the Clerk of the District Court for the District of Wyoming. We deny Reed's request to take judicial notice of the 83 investment

---

[3] We note that Reed has a § 2255 motion currently pending in the district court.

contracts given our conclusion that he must look to § 2255 for the relief he seeks in this appeal. We deny all of Reed's other pending motions.

Entered for the Court


Bobby R. Baldock
Circuit Judge